UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-23216-CIV-SCOLA/GOODMAN

ARI FINANCIAL GROUP, LLC,

    Plaintiff,

v.

JOSEF SCHIFFER and PROSPEROUS
FINANCIAL GROUP, LLC,

    Defendants.
_____/

**PLAINTIFF'S *RENEWED* MOTION FOR REMAND[1]**

Plaintiff, ARI FINANCIAL GROUP, LLC ("**AFG**"), through undersigned counsel and pursuant to 28 U.S.C. § 1447, hereby files this *Renewed* Motion for Remand against Defendants, JOSEF SCHIFFER and PROSPEROUS FINANCIAL GROUP, LLC, and states as follows:

**INTRODUCTION**

The exclusive grounds for removal of this action from state court is federal question jurisdiction based upon AFG's claim for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*. ("**DTSA**"). D.E. 1 at 2. Since removal, AFG has amended its complaint as of a matter of course and no longer asserts the claim for violation of the DTSA. The remaining state law claims do not confer federal question jurisdiction. While subject matter jurisdiction for removal is determined at the time of removal, this Court should decline to exercise supplemental jurisdiction over the remaining state law claims based upon principals of economy, convenience, comity, and fairness.

---

[1] This motion is renewed following Plaintiff's compliance with Local Rule 7.1(a)(3) in accordance with this Court's paperless Order [D.E. 7].

Accordingly, as detailed further below, this action should be remanded back to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## PROCEDURAL HISTORY

On August 9, 2021, AFG filed this case in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 21-01885-CA-01 (44). D.E. 1 at 1; D.E. 1-1 at 3.

The initial Complaint asserts claims against Defendants for (i) breach of contract, (ii) temporary and permanent injunctive relief, (iii) violation of the Defend Trade Secrets Act (18 U.S.C. § 1836, *et seq.*), (iv) misappropriation of trade secrets, (v) defamation *per se*, (vi) defamation, (vii) tortious interference, and (viii) unjust enrichment. D.E. 1-3 at 9-19.

Defendants were served with process on August 19, 2021. D.E. 1-1 at 2 (referencing the filing of "Service Returned" documents).[2]

On September 6, 2021, Defendants removed this action to federal court based upon federal question jurisdiction relating to the DTSA claim. D.E. 1 at 2.

On September 8, 2021, within 21 days from service of process in accordance with Fed. R. Civ. P. 15(a)(1)(A)-(B), AFG filed its Amended Complaint against Defendants, as a matter of course, which asserted the same claims as the initial complaint with the exception of the DTSA claim. D.E. 5.

## MEMORANDUM OF LAW

A federal court may remand an action to state court in circumstances where the non-moving party has amended its complaint to eliminate the federal claim(s) that had provided federal question jurisdiction under 28 U.S.C. § 1446(b). *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 345-57 (1988) (remanding case to state court after federal claims were omitted in

---

[2] Copies of the Returns of Service are attached as <u>Exhibits 1 and 2</u> hereto.

amended complaint). The federal court must consider principles of "economy, convenience, fairness and comity" *Id*. at 350.

It is well established that federal courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy …." 28 U.S.C. § 1367(a). But remand is permissible under 28 U.S.C. § 1367(c) where the federal question claim has been eliminated:

> (c) **The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if**—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) **the district court has dismissed all claims over which it has original jurisdiction**, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(emphasis added).

There is strong precedent supporting remand under these circumstances within the Eleventh Circuit and this district. *See Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352-53 (11th Cir. 1997) (remanding case to state court based upon "considerations of judicial economy, convenience, fairness, and comity" and that"[s]tate courts, not federal courts, should be the final arbiters of state law" following dismissal of federal question jurisdiction); *Rivera v. Rodomar, Inc.*, No. 18-22450-Civ, 2019 WL 2125017, at *3 (S.D. Fla. Jan 23, 2019) (Cooke, J.) (remanding case to state court based upon principles of "economy, convenience, fairness and comity" where the case was in its early stages and plaintiff's amended complaint no longer asserted any federal claim); *Clarke v. Two Islands Development Corp.*, No. 15-21954-CIV, 2016

WL 659580, at *2-3 (S.D. Fla. Feb. 18, 2016) (Gayles, J.) (same); *Pinkert v. Schwade*, No. 11–23324–CIV, 2012 WL 3962386, at *2 (S.D. Fla. Sept. 10, 2012) (Moreno, J.) (same); *Stutzman v. Tillberg Design International, Inc.*, No. 11-60295-CIV, 2011 WL 13319088, at *2 (S.D. Fla. July 12, 2011), report and recommendation adopted, No. 11-60295-CIV, 2011 WL 13319089 (S.D. Fla. Aug. 2, 2011) (Lenard, J.) (same).[3]

The principles of economy, convenience, fairness and comity support remand. With regard to economy and convenience, this case is in its early stages as the action was only filed on August 9, 2021 and there has been no motion practice or answer filed. *Cohill*, 484 U.S. at 351 ("When the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction"); *Rodomar, Inc.*, 2019 WL 2125017, at *3 ("Here, economy and convenience weigh in favor of remand because this case is in its very early stages" as no answer was filed and discovery was in its infancy).[4] Further, this Court "has not yet expended a significant amount of judicial labor and time in this case and thus remand at this stage of the proceedings would not require a state court to duplicate the efforts of this court." *Rodomar, Inc.*, 2019 WL 2125017, at *3; *Clarke v. Two Islands Development Corp.*, 2016 WL 659580, at *3 (same); *Pinkert v. Schwade*, 2012 WL 3962386, at *2 (same).

With regard to comity, the remaining state law claims are best determined by state court. *Rodomar, Inc.*, 2019 WL 2125017, at *3 ("Principles of comity also weigh in favor of remand because the court will be called upon to interpret issues of state law that are best suited for

---

[3] *Accord Lake Cty. v. NRG/Recovery Group, Inc.*, 144 F. Supp. 2d 1316, 1319-21 (M.D. Fla. 2001) (same); *Garcia v. Cullen*, No. 6:12-CV-650-ORL-28, 2012 WL 1988131, at *2 (M.D. Fla. May 14, 2012), report and recommendation adopted, No. 6:12-CV-650-ORL-28, 2012 WL 1986623 (M.D. Fla. June 4, 2012) (same).

[4] *Accord Clarke v. Two Islands Development Corp.*, 2016 WL 659580, at *3 ("This litigation is still in its early stages. Although the case has been pending in this Court for approximately nine months, the status of the pleadings is still unsettled").

determination by a state court"); *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d at 1353 ("State courts, not federal courts, should be the final arbiters of state law").

Finally, principles of fairness support remand. In *Cohill*, the fairness "concern involved situations where federal claims had been eliminated late in a case in order to secure another judge (i.e. a state court judge) to try a case after the federal court has expended significant resources." *Rodomar, Inc.*, 2019 WL 2125017, at *3. That issue is not present here given that remand is sought approximately 30 days after the action was filed. AFG also does not oppose an order barring the assertion of federal claims arising from the facts set forth in the Amended Complaint. *See Two Islands Development Corp.*, 2016 WL 659580, at *3 (remanding case to state court and barring plaintiffs "from asserting a federal cause of action arising from the same set of facts set forth" in the operative complaint).

Accordingly, principles of economy, convenience, fairness and comity support remand of this action to state court.

## CONCLUSION

For the foregoing reasons, this Motion should be granted in all respects and this matter should be remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

On September 9 and 10, 2021, Josh M. Rubens, Esq., counsel for Plaintiff, corresponded by email with David W. Berenthal, Esq., counsel for Defendant, regarding the relief requested in the subject motion (the "Motion"). On September 13, 2021, Mr. Rubens and Michael T. Landen, Esq., counsel for Plaintiff, had a telephone conference with Mr. Berenthal in a good faith effort to resolve the issues raised in the Motion. Mr. Berenthal advised that Defendant opposes the relief sought in the Motion and will ultimately be filing counterclaims which will confer federal jurisdiction.

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
*Counsel for Plaintiff*
Citigroup Center, 27th Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  (305) 379-9000
Facsimile:   (305) 379-3428

By: /s/ Josh M. Rubens
Abbey L. Kaplan
Fla. Bar No. 200255
akaplan@klugerkaplan.com
Josh M. Rubens
Fla. Bar No. 77603
jrubens@klugerkaplan.com
Michael T. Landen
Fla. Bar No. 161144
mlanden@klugerkaplan.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

David W. Berenthal, Esq.
*Attorney for Defendants*
255 Alhambra Circle
Suite 1150
Coral Gables, FL 33134
dwb@berenthalaw.com

By: */s/ Josh M. Rubens*
Josh M. Rubens