UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-23216

ARI FINANCIAL GROUP, INC,

                         Plaintiff,

v.

JOSEF SCHIFFER and PROSPEROUS
FINANCIAL GROUP, LLC,

                         Defendants.

**DEFENDANTS' MOTION TO DISMISS COUNTS II, IV, V, VI AND VII
OF THE AMENDED COMPLAINT**

                                            **BERENTHAL & ASSOCIATES, P.C.**
                                            Attorneys for Defendants
                                            255 Alhambra Circle
                                            Suite 1150
                                            Coral Gables, FL 33134
                                            Telephone: (212) 302-9494

# **TABLE OF CONTENTS**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

MEMORANDUM OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PRELIMINARY BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.    THE PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUSTAIN A CAUSE OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.    PLAINTIFF HAS FAILED TO ALLEGED SUFFICIENT FACTS TO SUSTAIN A CLAIM OF DEFAMATION AND DEFAMATION PER SE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.    PLAINTIFF FAILED TO ALLEGED SUFFICIENT FACTS TO SUSTAIN A CLAIM OF TORTIOUS INTERFERENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            1.    Tortious Interference with a Contractual Relationship . . . . 5

            2.    Tortious Interference with a Business Relationship . . . . . . 7

            3.    Preemption by Florida's Uniform Trade Secrets Act . . . . . 8

        C.    PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT MUST BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    II.    PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF CANNOT EXIST AS A SEPARATE CAUSE OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

REQUEST FOR HEARING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# **TABLE OF AUTHORITIES**

**CASES**:

*Alabama v. U.S. Army Corps of Eng'rs*,
    424 F.3d 1117 (11th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*,
    390 F. Supp. 2d 1170 (M.D. Fla. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) . . . . . . . . . . . . . . . 2, 3, 5, 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Bluesky Greenland Env't Sols., LLC v. 21st Century Planet Fund, LLC*,
    985 F. Supp. 2d 1356 (S.D. Fla. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Buckner v. Lower Fla. Keys Hosp. Dist.*,
    403 So. 2d 1025 (Fla. Dist. Ct. App. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Carrot Love, LLC v. Aspen Specialty Ins. Co.*,
    513 F. Supp. 3d 1364 (S.D. Fla. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Corsi v. Newsmax Media, Inc.*,
    519 F. Supp. 3d 1110 (S.D. Fla. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*,
    797 F.3d 1248 (11th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Duty Free World, Inc. v. Miami Perfume Junction, Inc.*,
    253 So. 3d 689 (Fla. Dist. Ct. App. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Espinoza v. Countrywide Home Loans Servicing, L.P.*,
    2014 WL 3845795 (S.D. Fla. Aug. 5, 2014), aff'd *sub nom.*
        *Espinoza v. Countrywide Home Loans Servicing, LP*,
            708 F. App'x 625 (11th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Five for Ent. S.A. v. Rodriguez*,
    877 F. Supp. 2d 1321 (S.D. Fla. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Gortat v. Capala Bros.*,
    257 F.R.D. 353 (E.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Harding v. NCL (Bahamas) Ltd.*,
   90 F. Supp. 3d 1305 (S.D. Fla. 2015) ........................................ 2

*Kivisto v. Miller, Canfield, Paddock & Stone*, PLC,
   413 F. App'x 136 (11th Cir. 2011) ........................................ 3, 6

*Mile High Healthcare Analytics, LLC v. Med. Care Consortium Inc.*,
   No. 18-CV-22374, 2020 WL 9460325 (S.D. Fla. July 29, 2020). .................. 10

*Rubinstein v. Keshet Inter Vivos Tr.*,
   No. 17-61019-CIV, 2018 WL 3730875 (S.D. Fla. June 11, 2018), *report and recommendation adopted sub nom,*
      *Rubenstein v. Keshet Inter Vivos Tr.*,
         No. 17-61019-CIV, 2018 WL 3730867 (S.D. Fla. June 27, 2018) ...... 10

*RxStrategies, Inc. v. CVS Pharmacy, Inc.*,
   390 F. Supp. 3d 1341 (M.D. Fla. 2019) ........................................ 10

*Salit v. Ruden*,
   742 So.2d 381 (Fla. 4th DCA 1999). ........................................ 7

*Scott v. Busch*,
   907 So. 2d 662 (Fla. Dist. Ct. App. 2005) ........................................ 3

*Sec. Title Guarantee Corp. of Baltimore v. McDill Columbus Corp.*,
   543 So. 2d 852 (Fla. Dist. Ct. App. 1989) ........................................ 8

*Special Purpose Accts. Receivable Coop. Corp. v. Prime One Capital Co.*,
   125 F.Supp.2d 1093 (S.D.Fla.2000). ........................................ 6

*Tara Prods., Inc. v. Hollywood Gadgets, Inc.*,
   2010 WL 1531489 (S.D. Fla. Apr. 16, 2010) ........................................ 11

*Treco Int'l S.A. v. Kromka*,
   706 F. Supp. 2d 1283 (S.D. Fla. 2010). ........................................ 5-7

*Wackenhut Corp. v. Maimone*,
   389 So. 2d 656 (Fla. Dist. Ct. App. 1980) ........................................ 8

*Wolfson v. Kirk*,
   273 So. 2d 774 (Fla. 4th DCA 1973) ........................................ 5

**STATUTES**:

F.S. §688.001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

F.S. §688.008 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

Fed. R. Civ. P. §12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. §8(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 12(a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2


## MEMORANDUM OF LAW

Defendants Josef Schiffer ("Schiffer") and Prosperous Financial Group, LLC ("Prosperous", hereinafter, Prosperous and Schiffer are collectively referred to as the "Defendants"), by and through their attorneys, Berenthal & Associates, P.C., and pursuant to Fed. R. Civ. P. §12(b)(6) respectfully move this Court to dismiss Counts II, IV, V, VI and VII of the Amended Complaint ("Am. Compl.", a copy of which is annexed hereto as Exhibit A), for failure to state a claim upon which relief may be granted and in support thereof state as follows:

## PRELIMINARY BACKGROUND

The instant action was commenced on or about August 9, 2021 in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No.: 2021-018845-CA-01 (44). On or about September 6, 2021, Defendants removed the action to this Court on the basis that the complaint alleged a cause of action under a federal statute, *to wit*, a claim under the Defend Trade Secrets Act (18 U.S.C. §1836 *et seq.*). (ECF No. 1). On or about September 8, 2021, Plaintiff amended its complaint for the sole purpose of removing the federal claim, and promptly moved this court to remand the action to state court. (ECF No. 5, 6). Plaintiff's original motion to remand was dismissed without prejudice due to Plaintiff's non-compliance with Local Rule 7.1, and Plaintiff refiled its motion to remand on September 13, 2021, (ECF No. 7) which is currently pending before the Court[1].

Defendants now come before this Court and respectfully request that the Court dismiss

---

[1] Defendants' response to said motion to remand is due on or before October 15, 2021. Prior to such deadline, Defendants intend to file one or more counterclaims in the instant action against the Plaintiff which will once again raise a federal question, thus preserving jurisdiction.

Counts II, IV, V, VI and VII of the Amended Complaint[2]. As set forth in more detail herein, the Amended Complaint is replete with conclusory and, at times, contradictory allegations. Insofar as the Amended Complaint purports to offer allegations, many of the factual allegation are either conclusory, and/or inconclusive. Furthermore, certain claims fail to allege necessary elements of the cause of action, and other claims are preempted by other claims.

For the above stated reasons, and as set forth in greater detail herein, Defendants respectfully request that the Court dismiss Counts II, IV, V, VI and VII of the Amended Complaint.

## LEGAL ARGUMENT

**I.  THE PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUSTAIN A CAUSE OF ACTION**

A complaint must set forth a statement of the claim(s) showing that the plaintiff is entitled to relief. Fed. R. Civ. P. §8(a)(2) ("Rule 8"). Rule 8 requires a plaintiff to set forth facts in the complaint to sustain the claimed cause(s) of action; conclusory statements that are "threadbare recitals" of the elements for the cause of action will not suffice. *Carrot Love, LLC v. Aspen Specialty Ins. Co.*, 513 F. Supp. 3d 1364, 1366 (S.D. Fla. 2021) (J. Scola presiding) *citing Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "[A] pleading that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not survive dismissal." *Harding v. NCL (Bahamas) Ltd.*, 90 F. Supp. 3d 1305, 1307 (S.D. Fla. 2015) (J. Scola presiding) *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167

---

[2] As to those Counts which are not being challenged by the instant motion, *to wit*, Counts I and III while the Defendants dispute any wrongdoing, such arguments are inappropriate for a motion to dismiss pursuant to Fed. R. Civ. P. §12. However, a motion to dismiss, even a motion that only challenges a portion of a complaint, "will suspend the time to answer those claims or counterclaims that are not subject to the motion." *Gortat v. Capala Bros.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009), Fed. R. Civ. P. 12(a)(4)

L.Ed.2d 929 (2007). Furthermore, a complaint that offers "naked assertion[s]" devoid of "further factual enhancement" cannot withstand a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In the 11th Circuit, the Court of Appeals has formulated guidelines for reviewing a cause of action to determine whether the allegations meet the threshold required by Rule 8:

> In considering a motion to dismiss, a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief . . . Further, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Kivisto v. Miller, Canfield, Paddock & Stone*, PLC, 413 F. App'x 136, 138 (11th Cir. 2011) (internal citations omitted).

As demonstrated *infra*, in multiple instances and as apparent in the Amended Complaint, Plaintiff has offered conclusory statements masquerading as facts in an apparent effort to do nothing more informative than track the elements of each cause of action. Multiple causes of action lack the required factual allegations, and as a result, such causes of action should be dismissed.

**A.   PLAINTIFF HAS FAILED TO ALLEGED SUFFICIENT FACTS TO SUSTAIN A CLAIM OF DEFAMATION AND DEFAMATION PER SE**

Counts IV and V in the Amended Complaint (Am. Compl. ¶¶81-88, 89-100) are claims for defamation per se and defamation, respectively. A claim for defamation must (i) identify the speaker, (ii) identify to whom the statement was made (iii) provide a description of the statement[3], and (iii) set forth the time frame in which the defamation occurred. *Five for Ent. S.A. v. Rodriguez*,

---

[3] "[W]hen the defamation is by an oral statement . . . a pleader need only state the essence of what the alleged defamer said." *Scott v. Busch*, 907 So. 2d 662, 667 (Fla. Dist. Ct. App. 2005)

3

877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012), *Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1027 (Fla. Dist. Ct. App. 1981) (allegations that "defamatory remarks" were allegedly made to "numerous third parties on numerous occasions" were insufficient). While the Amended Complaint identifies Schiffer as the person making the statements, it fails to (i) identify to whom the statement(s)/publications were made[4], (ii) provide a sufficient description of the statement[5], and (iii) set forth the time frame in which the defamation occurred. The Amended Complaint further conflates various verbs to describe the alleged statements such as "speaking" "attacking" "contacted", and "published", thus rendering it impossible to ascertain how many instances of defamation are alleged, and whether such alleged statements were made orally or in writing. (Am. Compl. ¶¶ 39-44, 74, 83).

Similarly, Plaintiff's allegation in Count V, that "Schiffer also published false statements about AFG and its business practices to third parties and to AFG's prospective clients, current clients, and members of the community" (Am. Compl. ¶84), fails to provide any actual facts as to what was allegedly published (and where, when, and to whom it was published).

Curiously, Plaintiff also states that "AFG does not allege nor prove that Schiffer made the

---

[4] Plaintiff's allegation that "Schiffer published false, defamatory statements to third parties regarding AFG's prospective clients, current clients, and members of the community regarding AFG's business practices" (Am. Compl. at ¶74) fails to adequately identify to whom the alleged statements were made (in theory a "prospective client" could mean anyone in the world and it is unclear as to what community Plaintiff refers when it says "members of the community").

[5] Plaintiff's allegation that the alleged defamatory statements "concerned a condition incompatible with the proper exercise of AFG's lawful business, trade, profession, or office, and were specifically intended to harm AFG's business reputation and lead others to question AFG's business practices", (Am. Compl. at ¶75), does not lend any clarity regarding the essence of the alleged statement(s)/publications, but is merely a verbose reiteration of Plaintiff's contention that the statement was false. It does not describe the essence of what was actually said or written.

4

defamatory statements with actual malice". Am. Compl. ¶78. However, statements that are defamation per se by definition give rise to the absolute presumption of malice. *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1119 (S.D. Fla. 2021) quoting *Wolfson v. Kirk*, 273 So. 2d 774, 776 (Fla. 4th DCA 1973). Defendants submit that for Plaintiff to disclaim any actual malice directly contradicts that there was any defamation per se.

For the above state reasons, Plaintiff's fourth and fifth causes of action for defamation per se and defamation should be dismissed for failure to set forth a claim.

### B. PLAINTIFF FAILED TO ALLEGED SUFFICIENT FACTS TO SUSTAIN A CLAIM OF TORTIOUS INTERFERENCE

Plaintiff's sixth cause of action, Count VI, accuses both Defendants of tortious interference, both tortious interference with a contractual relationship and tortious interference with a business relationship. (Am. Compl. ¶¶89-100). At the outset, it should be noted that Plaintiff fails to allege that Prosperous conducted any of the alleged tortious activity, and as such, the claim should be dismissed against Prosperous in its entirety. It should also be noted that while Plaintiff proffers a conclusory statement that "AFG has been damaged as a result of Schiffer's tortious interference", (Am. Compl. ¶98), Plaintiff fails to proffer any "factual enhancement" substantiating the allegation of damages, and thus has failed to plead a necessary element of the cause of action with the required allegation of fact. *Treco Int'l S.A. v. Kromka*, 706 F. Supp. 2d 1283, 1288 (S.D. Fla. 2010), *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)

1. **<u>Tortious Interference with a Contractual Relationship</u>**

A claim for interference with a contractual relationship must allege "(1) the existence of a contract; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement

5

of the contract's breach; (4) the absence of any justification or privilege; and (5) damages resulting from the breach." *Treco Int'l S.A. v. Kromka*, 706 F. Supp. 2d 1283, 1288 (S.D. Fla. 2010) *quoting Special Purpose Accts. Receivable Coop. Corp. v. Prime One Capital Co.*, 125 F.Supp.2d 1093, 1103 (S.D.Fla.2000). To properly plead a claim of contractual interference, plaintiff must allege <u>an actual breach of the contract</u>. Id. Plaintiff alleges that:

> Schiffer intentionally and unjustifiably interfered with AFG contractual relationship with these AFG agents by, directly or indirectly, knowingly engaging in, conspiring with them to engage in, or causing the agents to engage in, conduct in violation of their contractual relationship with AFG, including, without limitation, attempting to convince them to divulge AFG's Confidential Information for the purpose of providing materials, products or services provided by AFG, and actively attempting to misappropriate knowledge from AFG's partners, agents and employees[6]. Am. Compl. ¶93.

The entire allegation is, at best, conclusory allegation, totally devoid of facts, and does nothing more than reiterate the elements of the claim[7]. Additionally, the allegation fails to definitively conclude that there was an actual breach of the contractual relationship. Rather, Plaintiff's accuses Schiffer of "engaging in, conspiring with them to engage in, **or** causing the agents to engage in, conduct in violation of their contractual relationship." As per Plaintiff's allegation, Schiffer may have only "conspired" with an AFG Agent and "attempted" to misappropriate knowledge, and there was no actual breach. *Kivisto v. Miller, Canfield, Paddock & Stone*, PLC, 413 F. App'x 136, 138 (11th Cir. 2011) (Courts may infer alternative explanation rather than the alleged unlawful conduct). Moreover, the allegation that these agents may have engaged in "conduct in

---

[6] While Plaintiff alleges a contractual relationship with certain "agent", it does not allege a contractual relationship with the referenced "partners" and "employees".

[7] Indeed, Plaintiff makes multiple allegations regarding "AFG's agents" without providing any clarity on who these agents are, or what type of agency exists.

violation of their contractual relationship" is conclusory at best. Plaintiff fails to provide the necessary "factual enhancement" to its conclusion that there was conduct in violation of the contractual relationship. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Point in fact, the only enhancements offered by Plaintiff are "attempting to convince [AFG agents] to divulge AFG's Confidential Information" and "attempting to misappropriate knowledge from AFG's partners, agents and employees." Am. Compl. ¶93. For the above stated reasons, Plaintiff's claim for tortious interference with a contractual relationship should be dismissed.

2. **Tortious Interference with a Business Relationship**

A claim for interference with a business relationship must allege "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference." *Treco Int'l S.A. v. Kromka*, 706 F. Supp. 2d 1283, 1289 (S.D. Fla. 2010) *quoting Salit v. Ruden*, 742 So.2d 381, 385 (Fla. 4th DCA 1999).

The sole allegations within Count VI that describes that alleged actions that Plaintiff contends constitute tortious interference with a business relationship are that Schiffer allegedly (i) attempted to induce AFG associates to cease doing business with AFG[8], (Am. Compl. at ¶95): and

---

[8] Plaintiff also claims that Schiffer interfered with AFG's business relationship by attempting to induce AFG's associates to divulge Confidential Information to Schiffer. (Am. Compl. ¶95). However, if these "associates" were under contract not to disclose the Confidential Information, then such alleged acts by Schiffer would be an interference with a **contractual relationship**, not a **business relationship**. If such associates were not under contract to keep the Confidential Information private, then AFG has not taken reasonable steps to keep the information confidential, and the Complaint should be dismissed in its entirety.

(ii) contacted AFG's current clients. While Count VI also relies on prior portions of the Amended Complaint, the only prior factual allegation regarding Schiffer's alleged "contact" with AFG's clients is that Schiffer "sent them invitations to the opening of the Prosperous office. . . . to . . . solicit AFG's clients and agents to do business with Prosperous." (Am. Compl. ¶37)  Competition for business is not per se an actionable interference even though it is intentional. *Wackenhut Corp. v. Maimone*, 389 So. 2d 656, 658 (Fla. Dist. Ct. App. 1980).  "As 'long as improper means are not employed, activities taken to safeguard or promote [a company's] own financial interests are entirely non-actionable.'" *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1280 (11th Cir. 2015) citing *Sec. Title Guarantee Corp. of Baltimore v. McDill Columbus Corp.*, 543 So. 2d 852, 854 (Fla. Dist. Ct. App. 1989).  Furthermore,. "an action for tortious interference will not lie where a party tortiously interferes with a contract terminable at will." *Bluesky Greenland Env't Sols., LLC v. 21st Century Planet Fund, LLC*, 985 F. Supp. 2d 1356, 1367 (S.D. Fla. 2013).  Plaintiff has not pled that any party was under contract that was not terminable at will.  Thus, even if Plaintiff's allegations were true, "attempt[ing] to induce AFG associates to cease doing business with AFG" and inviting AFG clients to the opening of Prosperous's office does not constitute tortious interference with a Business Relationship.

As a result, Plaintiff's claim for tortious interference with a contractual relationship should be dismissed.

        3.        **Preemption by Florida's Uniform Trade Secrets Act**

Plaintiff has also asserted a claim under Florida's Uniform Trade Secrets Act located at F.S. §688.001 et seq. ("FUTSA"). *Am. Compl ¶¶66-71.*  FUTSA, by its own terms, preempts all other tort/restitutory claims that are based on the same alleged misappropriation. F.S. §688.008. *Alphamed*

*Pharms. Corp. v. Arriva Pharms., Inc.*, 391 F. Supp. 2d 1148, 1167 (S.D. Fla. 2005) (FUSTA preempts all claims based on misappropriation of trade secrets). Insofar as the Plaintiff's tort claim(s) are based on divulging Plaintiff's "confidential information", such claims are preempted by FUSTA and should be dismissed.

Plaintiff's claim(s) for tortious interference is based on the allegation that Schiffer "attempt[ed] to convince [AFG agents] to divulge AFG's Confidential Information for the purpose of providing materials, products or services provided by AFG, and actively attempting to misappropriate knowledge from AFG's partners, agents and employees". (Am. Compl. ¶93). Plaintiff's FUTSA claim, is based on the allegation that "Schiffer and Prosperous have engaged in the actual or threatened misappropriation of AFG's Confidential Information in violation of common law and FUTSA," (Am. Compl. ¶68). It is clear that Plaintiff's Tortious Interference Claim is based on the same misappropriation of confidential business information[9]. Therefore, Plaintiff's claim for Tortious Interference must be dismissed

### C.    PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT MUST BE DISMISSED

Plaintiff's seventh claim, Count VII, is a claim for Unjust Enrichment against both Schiffer and Prosperous. (Am. Compl. ¶¶101-109). "The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff"

---

[9] If there were any doubt that the claims overlap, Plaintiff also acknowledges that its claim(s) for tortious interference was plead in the alternative for Plaintiff's breach of contract claim, (Am. Compl. n. 2). Plaintiff's breach of contract claim is based on Schiffer allegedly "utilizing" and "divulging" AFG's "confidential business information" (Am. Compl. ¶50), said confidential information being the same basis for Plaintiff's FUTSA claim.

*Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So. 3d 689, 693 (Fla. Dist. Ct. App. 2018) (*internal citations omitted*). Additionally, as an equitable remedy, a claim for unjust enrichment must allege that there is no adequate legal remedy available. *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005). Plaintiff's claim for unjust enrichment is devoid of any allegation that Plaintiff lacks an adequate legal remedy available[10].

Furthermore, Plaintiff's claim for Unjust Enrichment is pre-empted by FUTSA. F.S. §688.008, *Mile High Healthcare Analytics, LLC v. Med. Care Consortium Inc.*, No. 18-CV-22374, 2020 WL 9460325, at *12 (S.D. Fla. July 29, 2020) (FUTSA preempts claims for unjust enrichment), *but see RxStrategies, Inc. v. CVS Pharmacy, Inc.*, 390 F. Supp. 3d 1341, 1355 (M.D. Fla. 2019). Plaintiff's claim for unjust enrichment is based on the same conduct that forms the basis of Plaintiff's FUTSA claim, *to wit*, Schiffer's alleged use of Plaintiff's "confidential information." (Compare Am. Compl. ¶¶104-107 with ¶¶66-71 )[11]. As a matter of law, Plaintiff's claim for unjust enrichment should be dismissed.

## II. PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF CANNOT EXIST AS A SEPARATE CAUSE OF ACTION

Plaintiff's second cause of action, Count II (Am. Compl. ¶¶53- 65) for is for "Temporary and Permanent Injunctive Relief". *Am. Compl*. at 10. "[T]here are an abundance of cases establishing that injunctive relief 'is a remedy, not a separate cause of action.'" *Rubinstein v. Keshet Inter Vivos*

---

[10] Plaintiff's claim also fails to allege that Plaintiff conferred a benefit on Prosperous.

[11] Plaintiff acknowledges that its claim for unjust enrichment is plead in the alternative to its breach of contract claim, (Am. Compl. n. 3), which in turn is based on Schiffer allegedly "utilizing" and "divulging" AFG's "confidential business information" (Am. Compl. ¶50), the same confidential information which is the basis for Plaintiff's FUTSA claim.

*Tr.*, No. 17-61019-CIV, 2018 WL 3730875, at *7 (S.D. Fla. June 11, 2018), *report and recommendation adopted sub nom. Rubenstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2018 WL 3730867 (S.D. Fla. June 27, 2018) (dismissing claim for injunctive relief as such relief is a remedy and not a separate cause of action), *quoting Espinoza v. Countrywide Home Loans Servicing, L.P.*, 2014 WL 3845795, at *7 (S.D. Fla. Aug. 5, 2014), aff'd *sub nom. Espinoza v. Countrywide Home Loans Servicing, LP*, 708 F. App'x 625 (11th Cir. 2017) and *citing Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 2010 WL 1531489, at *10 (S.D. Fla. Apr. 16, 2010) and *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005). For the above state reasons, Plaintiff's second cause of action, that for injunctive relief, cannot exist as an independent cause of action and should be dismissed.

## CONCLUSION

For the above stated reasons, Defendants respectfully request that the Court dismiss Counts II, IV, V, VI and VII of the Complaint.

## REQUEST FOR HEARING

This case raises a complex review of the Amended Complaint, and Defendants accordingly request a hearing.

**BERENTHAL & ASSOCIATES, P.C.**

By: _____
David W. Berenthal, Esq.
Florida Bar No. 159220
E-mail: dwb@berenthalaw.com
255 Alhambra Circle
Suite 1150
Coral Gables, FL 33134
Telephone: (212) 302-9494

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on October 8, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which will send a notification of the filing to all counsel and parties of record.

                                   David W. Berenthal