**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 21-23216-CIV-SCOLA/GOODMAN**

ARI FINANCIAL GROUP, LLC,

    Plaintiff,

v.

JOSEF SCHIFFER and PROSPEROUS
FINANCIAL GROUP, LLC,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO**
**RESPOND TO DEFENDANTS' MOTION TO DISMISS**

    Plaintiff, ARI FINANCIAL GROUP, LLC ("**AFG**"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 6(b)(1)(A) and Local Rule 7.1, hereby files this Motion for Extension of time to Respond to Defendants, JOSEF SCHIFFER and PROSPEROUS FINANCIAL GROUP, LLC's ("**Defendants**") Motion to Dismiss, and in support thereof states as follows:

    1.    AFG requests an extension of time to respond to Defendants' Motion to Dismiss Counts II, IV, V, VI and VII of the Amended Complaint [D.E. 12] (the "**Motion to Dismiss**") in light of AFG's pending Renewed Motion for Remand [D.E. 7] (the "**Motion for Remand**"). Specifically, AFG seeks an extension to respond to the Motion to Dismiss until fourteen (14) days after a ruling on the Motion for Remand.

    2.    A stay of the proceedings or extension to respond to a motion to dismiss is appropriate pending a ruling on a motion for remand. *Cohen v. Herick*, No. 8:14-CV-2969-T-35TGW, 2015 WL 12820463, at *1 (M.D. Fla. Jan. 9, 2015) (staying litigation, including

plaintiff's response to the pending motion to dismiss, until the court resolved the subject matter jurisdiction issue set forth in a motion to remand); *Hirshberg v. Lyman Prod. Corp.*, No. 2:20-CV-593-JLB-MRM, 2021 WL 825154, at *1 (M.D. Fla. Mar. 4, 2021) (clarifying its order staying all discovery until motion to remand was resolved was meant to stay all proceedings); *Carroll v. Bank of Am., N.A.*, No. 1:12-CV-02506-RWS, 2013 WL 1320755, at *3 (N.D. Ga. Mar. 28, 2013), *aff'd sub nom. Carroll v. Bank of Am., NA*, 537 F. App'x 933 (11th Cir. 2013) (granting plaintiffs' motion for extension of time, giving plaintiffs 14 days from court's order on motion to remand to respond to defendant's motion to dismiss).

3. Indeed, the Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Accord Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."); *Lacroix v. Lejeune Auto Wholesale, Inc.*, No. 20-21469-CIV, 2020 WL 6059765, at *2 (S.D. Fla. Oct. 14, 2020) (quoting *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)) (In the absence of a dispositive motion, courts have also granted motions to stay in the consideration of the following four factors: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the

issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court").

4. Under the circumstances, it is most efficient for subject matter jurisdiction to be determined before AFG responds to the Motion to Dismiss. Indeed, AFG is contemporaneously filing its reply to Defendants' opposition to the Motion for Remand so the remand issue is fully briefed and ripe for ruling.

5. This motion is made in good faith and not for delay. Defendants will not be prejudiced from the brief extension requested herein. Indeed, if the case is remanded back to state court, AFG does not oppose Defendants' having an opportunity to amend their Motion to Dismiss to rely upon state authority as opposed to the federal authority in their present motion as they deem necessary.

WHEREFORE, Plaintiff, ARI FINANCIAL GROUP, LLC, respectfully requests that this Court enter an Order (i) granting an extension of time for Plaintiff to respond to the Motion to Dismiss until fourteen (14) days after a ruling on the Motion for Remand, and (ii) entering such other and further relief in favor of Plaintiff as this Court deems just and proper.

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

On October 18, 2021 and October 22, 2021, Josh M. Rubens, Esq. and Michael T. Landen, Esq., counsel for Plaintiff, corresponded with David W. Berenthal, Esq., counsel for Defendant, regarding the relief requested in the subject motion (the "Motion"). Mr. Berenthal advised that he did not have authorization for Defendants to agree to an extension of time until 14 days after a ruling on the Motion for Remand. However, Mr. Berenthal advised that Defendants agreed to a seven (7) day extension of time for Plaintiff to respond to the Motion to Dismiss.

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
*Counsel for Plaintiff*
Citigroup Center, 27th Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428

By: /s/ Josh M. Rubens
Abbey L. Kaplan
Fla. Bar No. 200255
akaplan@klugerkaplan.com
Josh M. Rubens
Fla. Bar No. 77603
jrubens@klugerkaplan.com
Michael T. Landen
Fla. Bar No. 161144
mlanden@klugerkaplan.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**

David W. Berenthal, Esq.
*Attorney for Defendants*
255 Alhambra Circle
Suite 1150
Coral Gables, FL 33134
dwb@berenthalaw.com

By: /s/ *Josh M. Rubens*
    Josh M. Rubens