UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-23216-CIV-SCOLA/GOODMAN

ARI FINANCIAL GROUP, LLC,

    Plaintiff,

v.

JOSEF SCHIFFER and PROSPEROUS
FINANCIAL GROUP, LLC,

    Defendants.
_____/

**PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION PLAINTIFF'S RENEWED MOTION TO REMAND**

Plaintiff, ARI FINANCIAL GROUP, LLC ("**AFG**"), through undersigned counsel, hereby files this Reply to Defendants, JOSEF SCHIFFER's and PROSPEROUS FINANCIAL GROUP, LLC's Memorandum of Law in Opposition Plaintiff's Renewed Motion to Remand [D.E. No. 14], and states as follows:

1. The Opposition lacks merit. There is no blanket rule that dismissal of a federal question claim conferring jurisdiction requires denial of remand. Defendants fail to address that remand is permissible under 28 U.S.C. § 1367(c) based upon principles of economy, convenience, fairness and comity after a federal question claim has been eliminated. *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352-53 (11th Cir. 1997) (remanding case to state court based upon "considerations of judicial economy, convenience, fairness, and comity" and that"[s]tate courts, not federal courts, should be the final arbiters of state law" following dismissal of federal question jurisdiction); *Rivera v. Rodomar, Inc.*, No. 18-22450-Civ, 2019 WL 2125017, at *3 (S.D. Fla. Jan 23, 2019) (Cooke, J.) (remanding case to state court based upon

principles of "economy, convenience, fairness and comity" where the case was in its early stages and plaintiff's amended complaint no longer asserted any federal claim); *Clarke v. Two Islands Development Corp.*, No. 15-21954-CIV, 2016 WL 659580, at *2-3 (S.D. Fla. Feb. 18, 2016) (Gayles, J.) (same); *Pinkert v. Schwade*, No. 11–23324–CIV, 2012 WL 3962386, at *2 (S.D. Fla. Sept. 10, 2012) (Moreno, J.) (same); *Stutzman v. Tillberg Design International, Inc.*, No. 11-60295-CIV, 2011 WL 13319088, at *2 (S.D. Fla. July 12, 2011), report and recommendation adopted, No. 11-60295-CIV, 2011 WL 13319089 (S.D. Fla. Aug. 2, 2011) (Lenard, J.) (same).[1]

2.   Defendants do not engage in a proper analysis of the economy, convenience, fairness and comity factors. Defendants will have an adequate opportunity to amend any filing that relies upon federal authority in state court.[2] Indeed, it was Defendants that sought an extension to respond to the motion for remand until *after* they responded to the Amended Complaint. *See* D.E. 9. Defendants created the predicament for which they now complain.

3.   Further, AFG has contemporaneously moved to strike Defendants' purported stand-alone Counterclaim [D.E. 14] which Defendants further contend confers federal question jurisdiction in order to oppose remand. Under well-settled law, Defendants are not permitted to assert a counterclaim *before* filing an answer. A counterclaim may only be asserted in a pleading, and a counterclaim is not a pleading. *See ITL Int'l, Inc. v. Walton & Post, Inc.*, No. 10-22096-CV, 2011 WL 13055064, at *1 (S.D. Fla. June 6, 2011) (dismissing defendant's counterclaim as a "procedural nullity" because it was filed as a stand-alone docket entry not part of any recognized pleading); *Cieutat v. HPCSP Invs., LLC*, No. CV 20-0012-WS-B, 2020 WL 4004806, at *2 n.1 (S.D. Ala. July 15, 2020) ("A counterclaim is not itself a pleading, which is a

---

[1] *Accord Lake Cty. v. NRG/Recovery Group, Inc.*, 144 F. Supp. 2d 1316, 1319-21 (M.D. Fla. 2001) (same); *Garcia v. Cullen*, No. 6:12-CV-650-ORL-28, 2012 WL 1988131, at *2 (M.D. Fla. May 14, 2012), report and recommendation adopted, No. 6:12-CV-650-ORL-28, 2012 WL 1986623 (M.D. Fla. June 4, 2012) (same).
[2] AFG does not oppose such relief in the event this matter is remanded to state court.

term limited to complaints, answers, and (when so ordered) replies. A counterclaim is instead a component of an answer"); *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *3 (M.D. Fla. Apr. 1, 2020) (striking defendant's proposed counterclaim recognizing that "a party cannot file a counterclaim independent of a pleading"); *Bibb Cty. Sch. Dist. v. Dallemand*, No. 5:16-cv-549 (MTT), 2019 WL 1519299, at *3 (M.D. Ga. Apr. 8, 2019) (stating "Rule 13 provides that a counterclaim, whether compulsory or permissive, must be raised in 'a pleading' by a 'pleader.' A counterclaim is not one of the pleadings recognized under Rule 7(a); therefore, if a defendant seeks to assert a counterclaim, it must do so in its answer"). Further, there are state law remedies equivalent to the federal claim asserted by Defendants.

4. Defendants also contend that the state court forum will be unfair or prejudicial to them without explanation. That is notable because Defendants are residents of Miami-Dade County, Florida. *See* Amended Complaint [D.E. 6] at ¶¶ 3-4. Defendants also argue that the venue in Miami-Dade County, Florida is inappropriate. That issue is not before this Court and in any event is best decided by the state court. Those arguments are not grounds weighing against remand.[3]

5. AFG otherwise relies upon the arguments set forth in its motion to remand.

6. For the foregoing reasons, this matter should be remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

WHEREFORE, Plaintiff, ARI FINANCIAL GROUP, LLC, respectfully requests that this Court enter an Order (i) granting the *Renewed* Motion for Remand, (ii) remanding the case to the

---

[3] Defendants have also failed to respond to written discovery, consisting of request for production and admissions and interrogatories, and deposition notices properly served in the state court action without argument or explanation.

Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and (iii) entering such other and further relief in favor of Plaintiff as this Court deems just and proper.

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
*Counsel for Plaintiff*
Citigroup Center, 27th Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428

By: /s/ Josh M. Rubens
Abbey L. Kaplan
Fla. Bar No. 200255
akaplan@klugerkaplan.com
Josh M. Rubens
Fla. Bar No. 77603
jrubens@klugerkaplan.com
Michael T. Landen
Fla. Bar No. 161144
mlanden@klugerkaplan.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

David W. Berenthal, Esq.
*Attorney for Defendants*
255 Alhambra Circle
Suite 1150
Coral Gables, FL 33134
dwb@berenthalaw.com

By: */s/ Josh M. Rubens*
     Josh M. Rubens