United States District Court
for the
Southern District of Florida

| | |
|---|---|
| ARI Financial Group, Inc., Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-23216-Civ-Scola |
| ) | |
| Josef Schiffer and Prosperous ) | |
| Financial Group, LLC, Defendants. ) | |

**Order on Motion to Remand and Motion to Strike**

This matter is before the Court on the Plaintiff's motion to remand and motion to strike counterclaims. (ECF Nos. 8, 17.) The Defendants opposed both motions (ECF Nos. 14, 24), and the Plaintiff filed a reply in support of both (ECF Nos. 18, 25). The Court **grants** the Plaintiff's motion to strike (**ECF No. 17**) and **grants** the Plaintiff's motion to remand (**ECF No. 8**).

1. **Procedural History**

This action began in state court on August 9, 2021. The Plaintiff brought six claims, alleging breach of contract, violation of the federal Defend Trade Secrets Act, misappropriation of trade secrets, defamation, tortuous interference, and unjust enrichment. (ECF Nos. 1, 1-3.) On September 6, 2021, the Defendants removed the action to this Court on the basis of federal-question jurisdiction. (ECF No. 1.) Two days later, the Plaintiff filed an amended complaint—in relevant part, the Plaintiff omitted the claim under the Defend Trade Secrets Act, the only federal cause of action that the Plaintiff had brought in its initial complaint. (ECF No. 5.) The Plaintiff then filed the motion to remand at issue. (ECF No. 8.)

On September 16, 2021, upon the Defendants' motion, the Court set a briefing schedule. The Defendant was to respond to the complaint first and then respond to the motion to remand one week later. (ECF No. 10.) Therefore, the Defendants filed a motion to dismiss, and one week later filed a response to the motion to remand as well as a counterclaim against the Plaintiff. (ECF Nos. 13, 14.)

2. **Legal Standards**

In removal cases, subject-matter jurisdiction is assessed at the time of removal. *See Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007). Therefore, once a federal court has jurisdiction at the time of removal, subsequent amendments to the complaint do not divest the court of jurisdiction. *See Lieu v. Sandy Sansing Cars, Inc.*, No. 3:07cv345/MCR/MD,

2007 WL 4287642, at *1 (N.D. Fla. Dec. 5, 2007). But in cases where there are state-law claims that are properly before the court under § 1367(a), courts may decline to exercise supplemental jurisdiction where (1) the state-law claims raise a novel or complex state-law issue, (2) the state-law claims substantially predominate over the claims within the court's original jurisdiction, (3) the court dismisses all claims over which it has original jurisdiction, or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *See* 28 U.S.C. § 1367(c); *Ameritox, Ltd. v. Millennium Labs, Inc.*, 803 F.3d 518, 532 (11th Cir. 2015). Courts must review these factors while weighing the "values of judicial economy, convenience, fairness, and comity." *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). To decline the exercise of supplemental jurisdiction over state-law claims is within the discretion of the court. *See id.* at 349. While remand of state-law claims is discretionary following the elimination of federal-law claims, courts have held that this presents a "powerful reason to choose not to continue to exercise jurisdiction." *See id.*

With respect to the Plaintiff's motion to strike, Rule 12(f) specifies that courts may strike "from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). In most circumstances, "a party must assert a counterclaim in its pleadings." *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1259 n.14 (11th Cir. 2003) (citing Fed. R. Civ. P. 13). Rule 7(a) sets out the types of pleadings, which generally include complaints and answers. *See* Fed. R. Civ. P. 7(a). Where a party does not file a counterclaim in an appropriate pleading, courts will strike the counterclaim as a "procedural nullity." *See ITL Int'l, Inc. v. Walton & Post, Inc.*, No. 10-22096, 2011 WL 13055064, at *1 (S.D. Fla. June 6, 2011) (Graham, J.).

### 3. Analysis

As an initial matter, the Court grants the Plaintiff's motion to strike the counterclaim. (ECF No. 17.) The Defendants filed their counterclaim as a stand-alone docket entry (ECF No. 13.) There is abundant authority within the Eleventh Circuit that a counterclaim must be filed in a pleading, as defined by Rule 7(a), not as a standalone document. *See ITL Int'l*, 2011 WL 13055064, at *1; *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *3 (M.D. Fla. Apr. 1, 2020) ("[A] party cannot file a counterclaim independent of a pleading."); *Bibb Cnty. Sch. Dist. V. Dallemand*, No. 5:16-CV-549 (MTT), 2019 WL 1519299, at *3 (M.D. Ga. Apr. 8, 2019) ("[I]f a defendant seeks to assert a counterclaim, it must do so in its answer."). The Defendants largely agree—arguing only that striking an improper counterclaim would "exalt form over substance." (ECF No. 24.) The Defendants cite to *Panama City Beach Condos*, where the court recognized that a counterclaim filed separate

from an answer was improper yet assumed that it had been properly filed. *Panama City Beach Condos, Ltd. P'ship v. Adjusters Int'l Colo., Inc.*, No. 4:08cv369-RH/WCS, 2008 WL 11340312, at *1 (N.D. Fla. Oct. 14, 2008). However, in *Panama City Beach*, there was no pending motion to strike the counterclaim; rather, the court assumed the counterclaim was appropriate only so far as it mattered in deciding the defendant's motion to dismiss. *Id.* For these reasons, the Court **grants** the motion to strike (**ECF No. 17**) and **strikes** the Defendants' purported counterclaim (**ECF No. 13**.)

Turning next to the motion to remand, the Court **grants** the Plaintiff's motion to remand. (**ECF No. 8**.) The Plaintiff's amended complaint raises seven claims arising from state law. (ECF No. 5.) The Plaintiff alleges no federal claims anymore. (*Id.*) The parties do not argue that removal was improper—nor could they, as the Defendants removed the case based on federal-question jurisdiction that existed at the time of removal. *See Pintando*, 501 F.3d at 1243 n.2. Therefore, the only question before the Court is whether to continue to exercise supplemental jurisdiction over the state-law claims that remain. In determining whether to exercise jurisdiction, the Court will consider the factors set forth in § 1367(c).

Here, considerations of judicial economy, fairness, convenience, and comity, as well as the factors set out in § 1367(c), weigh in favor of the Court deciding not to exercise supplemental jurisdiction. In particular, no federal claims remain in the Plaintiff's amended complaint. (ECF No. 5.) While the state-law claims that remain do not appear overly complex or novel, the state-law claims now substantially predominate over the one federal claim that is no longer at issue. In terms of economy and convenience, this case is at an early stage, and while the Defendants filed a motion to dismiss, that was a tactical decision and further briefing on that motion has been stayed pending resolution of the motion to remand. (ECF No. 19); *see Cohill*, 484 U.S. at 351 ("When the single federal law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."). Considerations of comity also weigh powerfully in favor of remand, as issues of state law "are best suited for determination by a state court." *See Rivera v. Rodomar, Inc.*, No. 18-22450-Civ, 2019 WL 2125017, at *3 (S.D. Fla. Jan. 23, 2019) (Cooke, J.). Last, fairness weighs in favor of remand as well, as there is minimal prejudice to the parties. While the Defendants will have to refile their motion to dismiss in state court, this alone does not alter the fact that this case is in its early stages and will not require a great duplication of efforts. Moreover, while courts must consider whether the plaintiff "has engaged in any manipulative tactics" in order to forum shop, these considerations are lessened when remand would "merely effectuate [the plaintiff's] original choice of

a state forum," as here. *See id.*; *see Cohill*, 484 U.S. at 357. The Court does not find that the Plaintiff engaged in any unduly manipulative tactics in an effort to forum shop. As the Court finds that § 1367(c) and considerations of economy, convenience, fairness, and comity weigh in favor of declining to exercise supplemental jurisdiction over the remaining state-law claims, the Court will grant the motion to remand.

### 4. Conclusion

For the reasons set out above, the Court **grants** the Plaintiff's motion to strike counterclaim (**ECF No. 17**) and **strikes** the Defendants' purported counterclaim (**ECF No. 13**). Furthermore, the Court **grants** the Plaintiff's motion to remand (**ECF No. 8**.) The Plaintiff is barred from asserting a federal cause of action arising from the same set of facts as set forth in the amended complaint. The Court directs the Clerk to **close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. All pending motions, if any, are **denied as moot**.

**Done and ordered** in Miami, Florida, on November 18, 2021.

_____
Robert N. Scola, Jr.
United States District Judge